FIRST MIDWEST BANK, Plaintiff-Appellant, v. THUNDER ROAD, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—04—0738

Opinion filed August 24, 2005.

Jonathon C. Fox (argued) and Karla C. Steele, both of Califf & Harper, P.C., of Moline, for appellant.

Robert J. Noe (argued) and Benjamin J. Samuelson, both of Bozeman, Neighbour, Patton & Noe, L.L.P., of Moline, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, First Midwest Bank, filed a complaint against defendants, Thunder Road, Inc., Todd Carter, Dale Siefker, and Billie Pence seeking $140,289.62. A default judgment was entered against Thunder Road and Carter. Subsequently, Pence filed a summary judgment motion which the trial court granted. First Midwest Bank (FMB) appeals the trial court's summary judgment in Pence's favor.

## BACKGROUND

FMB issued three loans to Thunder Road. The first loan, in the amount of $460,000, was issued on June 9, 1999. The second loan, in the amount of $75,000, was issued on January 29, 2002. The second loan was accompanied by a promissory note and three commercial guaranties executed by Carter, Siefker, and Pence.

The January 29, 2002, commercial guaranty for the second loan executed by Pence provides that: (1) its amount is unlimited; (2) "the Indebtedness guaranteed by this Guaranty includes any and all of Borrower's indebtedness to Lender and is used in the most comprehensive sense and means and includes any and all of Borrower's liabilities, obligations and debts to Lender, now existing or hereinafter incurred or created"; (3) it remains in effect until revoked by written notice to the lender; and (4) "the word 'Note' means the promissory note dated January 29, 2002, in the original principal amount of $75,000 from Borrower to Lender, together with all renewals of, extensions of,

modifications of, refinancing of, consolidations of, and substitutions for the promissory note or agreement." Pence never provided FMB with notice, written or otherwise, that she was revoking this commercial guaranty.

On September 18, 2002, FMB extended a third loan to Thunder Road in the amount of $142,008.01. This loan was executed contemporaneously with a promissory note and three commercial guaranties. The first two commercial guaranties were signed by Carter and Siefker. The third commercial guaranty was purportedly signed by Pence, but FMB subsequently learned that Pence's signature was a forgery. During his deposition, Michael Weipert, a representative of FMB, testified that the purpose of the September 18, 2002, loan was to replace the first two loans. Weipert also said that FMB would not have made the September 18, 2002, loan to Thunder Road without the three commercial guaranties, including that of Pence.

FMB filed a complaint against Thunder Road, Inc., Carter, Siefker and Pence, jointly and severally, seeking judgment in the amount of $140,289.62, which is the amount outstanding on Thunder Road's loan. FMB specifically seeks judgment against Pence pursuant to her commercial guaranty of the second loan dated January 29, 2002.

In her summary judgment motion, Pence argues that the September 2002 loan agreement, note and commercial guaranties constituted novation and thereby extinguished her obligation under the January 2002 guaranty.

The court granted Pence's motion for summary judgment and found that there was novation and that the execution of the September 2002 loan agreement, note, and guaranties extinguished Pence's obligation pursuant to the January 2002 guaranty.

## ANALYSIS

The issue before this court is whether the loan agreement, promissory notes, and commercial guaranties of September 18, 2002, constitute novation of the January 29, 2002, loan agreement and commercial guaranties, even though one of the September 18, 2002, commercial guaranties (Pence's) was forged.

On appeal, the reviewing court examines questions of law under a *de novo* standard of review. The interpretation of a contract and a summary judgment award involve legal questions; therefore, we shall apply a *de novo* standard of review. *General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 284, 769 N.E.2d 18, 20 (2002); *Illinois Fraternal Order of Police Labor Council v. Town of Cicero*, 301 Ill. App. 3d 323, 335, 703 N.E.2d 559, 567 (1998).

When reviewing a summary judgment, the reviewing court, review-

ing the evidence in the light most favorable to the nonmovant, must determine whether a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law. *Majca v. Beekil*, 183 Ill. 2d 407, 416, 701 N.E.2d 1084, 1088 (1998).

■ Novation is the substitution of a new debt or obligation for an existing one, which is thereby extinguished. *Kroll v. Sugar Supply Corp.*, 116 Ill. App. 3d 969, 975, 452 N.E.2d 649, 653 (1983). The elements of novation are: (1) a previous valid obligation; (2) a subsequent agreement by all of the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. *Aluminum Co. of America v. Home Can Manufacturing Corp.*, 134 Ill. App. 3d 676, 682, 480 N.E.2d 1243, 1248 (1985).

FMB argues that, although it intended for the September 18, 2002, loan agreement to replace the January 29, 2002, loan agreement and novation of the prior loan, the novation never occurred because of the intervening forgery of Pence's commercial guaranty. According to FMB, there was no novation because there was no meeting of the minds; FMB did not consent to release Pence as the guarantor, and Pence did not agree to the new contract.

■ We find that there was no meeting of the minds. FMB never consented to a new loan agreement supported by only two commercial guaranties. Furthermore, Pence's consent to the September 18, 2002, agreement was forged and not valid.

In order for the September 18, 2002, loan to be novation, all parties to the loan must have agreed to the essential terms of the agreement. *Trittipo v. O'Brien*, 204 Ill. App. 3d 662, 561 N.E.2d 1201 (1990). Here, it is undisputed that Pence did not agree to the September 18, 2002, loan. Furthermore, FMB believed that the essential terms of the September loan included three valid commercial guaranties, including that of Pence. All of the parties did not agree upon the essential terms; therefore, there was no meeting of the minds and no novation.

Pence argues that *McLean County Bank v. Brokaw*, 119 Ill. 2d 405, 519 N.E.2d 453 (1988), is controlling here. The facts in *McLean County Bank* are clearly distinguishable from the facts in the instant case. In *McLean County Bank*, the bank obtained the guaranty agreements of Mr. and Mrs. Brokaw for a loan of $200,000. Later, the bank requested that the Brokaws sign a subsequent $250,000 guaranty agreement. Mrs. Brokaw refused to sign the subsequent agreement. Despite Mrs. Brokaw's refusal, Mr. Brokaw signed the second guaranty agreement. There was no forgery. The bank knowingly went forward with the second loan with only one guarantor, Mr. Brokaw. The bank was aware that Mrs. Brokaw had refused to sign the later loan guaranty but proceeded anyway. *McLean County Bank v. Brokaw*, 119

Ill. 2d 405, 519 N.E.2d 453. As set forth above, that is not what occurred here.

For the forgoing reasons, we find that the September 2002 loan agreement, note and commercial guaranties did not constitute novation of the January 29, 2002, loan agreement and commercial guaranty. Therefore, summary judgment in Pence's favor was improper.

## CONCLUSION

For the foregoing reasons, we reverse the finding of the circuit court of Rock Island County that there was novation and its decision to grant summary judgment in favor of Pence.

Reversed and remanded.

BARRY and HOLDRIDGE, JJ., concur.