2025 IL App (1st) 231973
No. 1-23-1973
March 7, 2025

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SONRAI SYSTEMS, L.L.C., | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22 CH 1792 |
| | ) | |
| THE LAW OFFICES OF EDWARD T. JOYCE | ) | The Honorable |
| & ASSOCIATES, P.C., | ) | Celia Gamrath |
| | ) | Judge, presiding. |
| Defendant-Appellee. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff Sonrai Systems, L.L.C. (Sonrai), appeals the trial court's grant of summary judgment in favor of its former attorneys, defendant Law Offices of Edward T. Joyce & Associates, P.C. (Joyce law firm). For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3        On October 19, 2021, Sonrai initiated the instant action, seeking a declaratory judgment.[1] In its complaint, Sonrai sought a declaration that Sonrai's contract with the Joyce

---

[1]The action was originally filed in Kane County. However, the case was transferred to Cook County on February 9, 2022, when the Kane County circuit court granted defendant's motion to transfer

law firm was "superseded and replaced" by a subsequent contract between Sonrai's insurance company, Travelers Property Casualty Company of America (Travelers), and the Joyce law firm.

¶ 4 Sonrai alleged that, on August 17, 2018, it had entered a contract with the Joyce law firm,[2] and Sonrai attached the contract to its complaint. The contract was signed by both plaintiff and defendant and dated August 17, 2018. It was titled "Contingent Fee Agreement," and it stated that Sonrai retained the Joyce law firm "to prosecute the claims which [Sonrai] [had] previously alleged" against Anthony Romano and others in a federal lawsuit pending in the Northern District of Illinois. The federal case was captioned Sonrai Systems, LLC v. Romano, No. 16-cv-3371 (N.D. Ill.) (Romano case).

¶ 5 The contract specified that the fee arrangement was—as the title of the contract stated—a contingent fee arrangement. The Joyce law firm would receive a fee equal to 40% of any recovery, if and only if there was a recovery. The contract specified: "If no Recovery is obtained, the Client shall not be obligated to pay the Law Firm any fee for its services." Sonrai did agree to pay expenses such as court costs and witness fees.

¶ 6 The contract contained a section—with a title in bold, underlined, and in all caps—that stated, in full:

"NO OTHER AGREEMENTS

22. This Agreement may be modified or amended only by a written document signed by both the Client and the Law Firm."

venue. We mention this only to clarify why the circuit court number and the county on the complaint differ from the circuit court number and county on the ensuing documents.

[2]Although the contract was indisputably entered in 2018, the complaint and the parties refer to it as the "2016" contract. Since it was entered in 2018, we do not refer to it that way.

It is undisputed that no other written document was signed by both plaintiff, "the Client," and defendant, "the Law Firm."

¶ 7        However, on February 24, 2020, the Joyce law firm entered a contract with Travelers that, Sonrai claimed, superseded and replaced Sonrai's fee agreement with the Joyce law firm. Sonrai's complaint alleged that it had a Travelers insurance policy that provided it with coverage for the litigation defense costs related to the Romano case. Sonrai acknowledges that it tendered defense of a counterclaim to Travelers and that Travelers paid Sonrai's attorney fees for defending against this counterclaim which was alleged against it in the Romano case.

¶ 8        Sonrai claims that, by entering the February 24, 2020, contract with Travelers, the Joyce law firm revoked its prior contract and agreed to accept a $750,000 flat fee for both the prosecution of Sonrai's affirmative claims and the defense of counterclaims against Sonrai. In response, the Joyce law firm argues that there was no written agreement between it and Sonrai, modifying their Contingent Fee Agreement, as their written agreement specifically required; that its February 24, 2020, letter agreement with Travelers was solely for the defense of the counterclaims that Travelers was obligated to defend; and that the Contingent Fee Agreement between itself and Sonrai was for the prosecution of Sonrai's affirmative claims, which could result in a recovery against which a contingent fee could be levied.

¶ 9        Sonrai attached to its complaint the letter, dated February 24, 2020, from Travelers to Edward Joyce of the Joyce law firm, in which Travelers agreed to pay the Joyce law firm the flat fee of $750,000. The letter stated in relevant part:

        "Dear Ed:

        You contracted with our insured Advanced Custom Engineering (a/k/a Sonrai Systems) to represent it in Case No. *** currently pending in the United States District

3

Court for the Northern District of Illinois, Eastern Division. You were retained by the insured after its previous counsel withdrew due to non-payment by the insured for prosecution of the case. Previous counsel has confirmed that Travelers paid all invoices it received for the defense of the case. You have now informed us that you have not been paid by the insured in spite of its promise to do so.

The case is too far along to try to appoint new counsel solely to defend the claim, so we have agree[d] that we will pay a capped fee of $750,000 to handle the entire case through post-trial motions. This rate was calculated by the estimated number of hours, past and future, predicted (2,500) to take this case to trial at a rate of $290 per hour. This is the total amount Travelers will pay even if the fees for the work performed exceeds that amount. We recognize that you will bill us at your regular rate, but the capped amount is estimated at the rate we normally pay for work of this kind in this jurisdiction. We reserve the right to seek reimbursement from the insured for work performed for prosecution of its claims and for the defense of any claims not covered by the insurance policy. ***

Please note that Travelers' defense obligation is limited to only those costs and disbursements that are reasonable and related to the defense of the above-referenced cases."

The parties argue about the phrase: "the entire case through post-trial motions." Sonrai argues that the entire case refers to the prosecution of its affirmative claims (thereby eliminating any contingent fee owed) and the defense of counterclaims against it, whereas the Joyce law firm argues that it refers to the entire procedural timeline of the case, through posttrial motions.

¶ 10      Defendant filed its answer on July 28, 2022, and moved for summary judgment on March 7, 2023.[3] Attached to defendant's motion were various documents, including affidavits, letters, e-mails and billing sheets. In response, Sonrai argued primarily that defendant's affidavits and other material were inadmissible under the parol evidence rule[4] because Travelers' February 24, 2020, letter to defendant was unambiguous. In reply, defendant argued that the Contingent Fee Agreement was unambiguous and was the only contract between plaintiff and defendant. Defendant further argued that the agreement stated that defendant was retained "to prosecute the claims which plaintiff previously alleged." Defendant agreed that the letter from Travelers was also unambiguous and that it applied, as it stated, "solely to defend" counterclaims and was "limited to" Travelers' obligation to defend.

¶ 11      On September 26, 2023, the trial court issued a written memorandum order entering summary judgment in favor of defendant. The trial court described the Contingent Fee Agreement as follows:

"On August 17, 2018, Sonrai and Joyce entered into a contingent fee agreement ('2018 Contract') for legal services to prosecute Sonrai's claims against certain defendants in a lawsuit Sonrai filed in 2016 in the Northern District of Illinois. The 2018 Contract provides for a 40% fee if there is a recovery on Sonrai's claims. The 2018 Contract says nothing about defendant Sonrai in any counterclaims filed against Sonrai and uses the phrase 'prosecute claims' (or some variation thereof). The 2018

---

[3]On November 14, 2022, the trial court denied plaintiff's motion to disqualify defendant's counsel. This has nothing whatsoever to do with the issues on appeal. We mention it only to indicate what was happening in the case during the time gap between answer and summary judgment motion.

[4]" 'The parol evidence rule, in general, operates to exclude evidence which would change or alter the expressed meaning of a written document, when such evidence concerns dealings between the parties before or at the time of making the written contract.' " *Wilmington Savings Fund Society, FSB v. Herzog*, 2024 IL App (1st) 221467, ¶ 53 (quoting *Davis v. Buchholz*, 101 Ill. App. 3d 388, 391 (1981).

Contract states that it may be modified or amended only by a written document signed by Sonrai and Joyce."

¶ 12        The trial court noted that Sonrai had an insurance policy through Travelers that provided Sonrai with coverage for litigation defense costs, related to the counterclaims filed in the federal case. The trial court further noted that, on February 24, 2020, defendant entered into a contract with Travelers in which Travelers agreed to pay defendant a flat fee of $750,000 in connection with the defense of the case.

¶ 13        The trial court summarized plaintiff's arguments by stating that plaintiff disputed that the $750,000 was limited to defense fees and that plaintiff sought a declaration that defendant's contract with Travelers covered the legal services provided for both the prosecution of plaintiff's claims and the defense of its counterclaims. The trial court found that Sonrai's position was not supported by the record and that the law firm was entitled to judgment as a matter of law.

¶ 14        The trial court found that the two contracts—namely, the Contingent Fee Agreement and the Travelers letter—were clear and unambiguous, and, thus, parol or extrinsic evidence was not needed in order to grant summary judgment to the Joyce law firm.

¶ 15        First, the trial court found that the Contingent Fee Agreement was limited to being a contingent fee agreement for the prosecution of claims, and not for the defense of counterclaims. The court noted that this was the essence of a contingent fee arrangement: that a law firm collects only if it successfully prosecutes its client's affirmative claims for recovery. The court noted that 10 of the contract's 23 paragraphs mention the prosecution of claims and that the word "defense" did not appear at all.

¶ 16    Second, the trial court compared that with the Travelers letter, which referred repeatedly to defense. The letter noted that Travelers had paid all the invoices that it received for the defense of the case, that Travelers obligation was limited to defense, and that Travelers would pay only those costs that were reasonable and related to the defense of the case. The court further observed that the letter referred to the Joyce firm as "defense counsel." The court found that the letter agreement made sense, given that Travelers was not obligated to pay when an insured chooses to start a lawsuit, and it insured only against having to defend one. The letter stated that Travelers "reserve[d] the right to seek reimbursement from the insured for work performed for prosecution of its claims and for the defense of any claims not covered by the insurance policy." After quoting this line, the court found: "In other words, Travelers agreed to cap its defense fees and costs at $750,000 for the defense of claims that are covered by insurance; not the defense of claims that fall outside the insuring agreement and certainly not for fees related to Sonrai's claims as a plaintiff."

¶ 17    Last, but not least, the trial court observed that the Contingent Fee Agreement states that it may only be modified in writing and that "[n]o such writing exists that is signed by both Sonrai and Joyce."

¶ 18    As a result, the trial court, in its concluding paragraph, entered summary judgment in favor of the Joyce law firm and stated that its order was "final and terminates all matters pending before this court." The trial court's order was entered September 26, 2023, and plaintiff's notice of appeal was filed October 24, 2023. This appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20    On this appeal, Sonrai disputes the trial court's grant of summary judgment in favor of defendant. A grant of summary judgment is appropriate when the record, viewed in a light

7

most favorable to the nonmovant, fails to establish a genuine issue of material fact, thereby entitling the moving party to judgment as a matter of law. *Underwood v. City of Chicago*, 2023 IL App (1st) 211317, ¶ 35; *Zurich American Insurance Co. v. Infrastructure Engineering, Inc.*, 2023 IL App (1st) 230147, ¶ 17; 735 ILCS 5/2-1005(c) (West 2022). Although it should be granted only when the movant's right to judgment is clear and free from doubt, summary judgment can be an expeditious way of resolving a lawsuit and avoiding further litigation costs. *Underwood*, 2023 IL App (1st) 211317, ¶ 35; *Zurich*, 2023 IL App (1st) 230147, ¶ 17; 735 ILCS 5/2-1005(c) (West 2022). On appeal, a reviewing court will consider *de novo* the trial court's decision to grant summary judgment. *Zurich*, 2023 IL App (1st) 230147, ¶ 17. Like the grant of summary judgment, a trial court's interpretation of a contract is also a subject that is reviewed *de novo*. *First Midwest Bank v. Thunder Road, Inc.*, 359 Ill. App. 3d 921, 923 (2005).

¶ 21 It is well-established, black-letter contract law that, if the language in a contract is clear and unambiguous, a court must determine the parties' intent solely from the plain language of the contract and may not consider extrinsic evidence or evidence outside the four corners of the document itself. *Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 344 (2000) (citing a number of cases).

¶ 22 In its appellate brief to this court, Sonrai acknowledges that the original Contingent Fee Agreement between it and the Joyce law firm is unambiguous. In its brief, Sonrai also concedes what the agreement stood for, namely that: "Joyce and Sonrai entered into the [Contingent Fee] Agreement wherein Sonrai would pay Joyce 40% of all funds received in the prosecution of Sonrai's affirmative claims." Thus, there is no dispute on this appeal that the Contingent Fee Agreement was solely for "the prosecution of Sonrai's affirmative claims" and did not cover the defense of any counterclaims.

¶ 23 This agreement, which everyone on appeal agrees is unambiguous, states: "This Agreement may be modified or amended only by a written document signed by both the Client and the Law Firm." It is undisputed by the parties that this agreement was never modified or amended by "a written document signed by both the Client and the Law Firm." We could affirm the trial court's grant of summary judgment on this fact alone.

¶ 24 However, in an attempt to circumvent the express words of the contract between them, Sonrai argues that there was a "novation" and cites in support *Crest Hill Land Development, LLC. v. Conrad*, 2019 IL App (3d) 180213, ¶ 35, and *First Midwest Bank*, 359 Ill. App. 3d at 924. *Crest Hill* provides that "a novation occurs when by mutual agreement, a new debtor or creditor is substituted for an existing debtor or creditor, whereby the old debt is extinguished, or a new debt or obligation is substituted for an existing debt or obligation, which is thereby extinguished." *Crest Hill*, 2019 IL App (3d) 180213, ¶ 35. Similarly, *First Midwest Bank* speaks in terms of a creditor-debtor relationship when it defines novation as "the substitution of a new debt or obligation for an existing one, which is thereby extinguished." *First Midwest Bank*, 359 Ill. App. 3d at 924.

¶ 25 The parties to a novation are generally the old creditor, the old debtor, and the new creditor or debtor. *Crest Hill*, 2019 IL App (3d) 180213, ¶ 36 ("[t]he novation was agreed to by all three of the parties involved," namely, the creditor, the debtor, and "the substitute debtor"). To be a novation, all three parties must agree to it and to its essential terms. *First Midwest Bank*, 359 Ill. App. 3d at 924 ("All of the parties did not agree upon the essential terms; therefore, there was no meeting of the minds and no novation."); *Crest Hill*, 2019 IL App (3d) 180213, ¶ 36 (a novation was found where all three parties agreed).

¶ 26    "To establish that a valid novation exists, the proponent must prove the following four elements by a preponderance of the evidence: (1) a previous valid obligation, (2) a subsequent agreement of all the parties to the new contract, (3) the extinguishment of the old contract, and (4) the validity of the new contract." *Crest Hill*, 2019 IL App (3d) 180213, ¶ 35; *First Midwest Bank*, 359 Ill. App. 3d at 924.

¶ 27    We cannot find that the Travelers letter agreement extinguished the Contingency Fee Agreement, when nothing in the Travelers letter agreement speaks of or addresses the Contingency Fee Agreement. The topics addressed in each document are different. As Sonrai concedes in its appellate brief, the Contingency Fee Agreement concerned the prosecution of Sonrai's affirmative claims. By contrast, the Travelers letter agreement concerned Travelers obligation to defend against the counterclaims. To accomplish the latter, there was no need to extinguish the former.

¶ 28    Arguing for the universality of the Travelers letter agreement, Sonrai points to a couple of isolated sentences. For example, the letter agreement states: "We reserve the right to seek reimbursement from the insured for work performed for prosecution of its claims and for the defense of any claims not covered by the insurance policy." However, this line does not further Sonrai's argument. As the trial court found, "[i]n other words, Travelers agreed to cap its defense fees and costs at $750,000 for the defense of claims that are covered by insurance," and if it inadvertently paid for "the defense of claims that fall outside the insuring agreement" or "fees related to Sonrai's claims as a plaintiff," it was not foregoing its right to seek reimbursement from Sonrai.

¶ 29     Similarly unavailing for Sonrai is the phrase "the entire case through post-trial motions." The phrase "through post-trial motions" modifies the phrase "the entire case," thereby indicating that "the entire case" refers to the entire procedural timeline of the case.

¶ 30     Sonrai concedes that the first document, the fee agreement, is about the prosecution of affirmative claims. Far from extinguishing the first document, the second document dovetails with it, by being about the defense of counterclaims. The topic of defense is throughout the second document, which the trial court noted in detail (*supra* ¶ 16), and which we see no need to repeat a second time.

¶ 31     In any event, to the extent that Sonrai wants to argue a novation, there was no meeting of the minds of all the parties because that was not the intent of the Joyce law firm, which was an indispensable party to any alleged novation. For all these reasons, as well as the reasons so well put by the trial court, we cannot find error in the grant of summary judgment and must affirm.

¶ 32                              III. CONCLUSION

¶ 33     Where the parties to the Contingent Fee Agreement never executed a written agreement to modify it, as the Contingent Fee Agreement expressly required; where the Travelers letter agreement did not state or otherwise indicate that it was intended to extinguish the Contingent Fee Agreement; where there was no meeting of the minds that the letter agreement was intended to extinguish the prior fee agreement; and where the two documents dovetailed each other in topic, thereby indicating no need for the latter to extinguish the former, we can find no error in either the trial court's grant of summary judgment for defendant or its finding that no novation occurred.

¶ 34     Affirmed.

*Sonrai Systems, L.L.C. v. Law Offices of Edward T. Joyce & Associates, P.C.,*
**2025 IL App (1st) 231973**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22-CH-1792; the Hon. Celia Gamrath, Judge, presiding. |
| **Attorneys for Appellant:** | John P. Cooney, of Cooney Corso & Moynihan, LLC, of Downers Grove, for appellant. |
| **Attorneys for Appellee:** | Michael H. Moirano, of Moirano Gorman Kenny, LLC, of Chicago, for appellee. |